UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY DORSEY | No. 17 CR 299<br><br>Judge John J. Tharp, Jr. |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the agreed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Certain materials exchanged by the Parties, provided by the United States, or produced by third parties, in preparation for, or in connection with the proceedings in this case contain particularly sensitive information ("Sensitive Information"). Sensitive Information includes, but is not limited to: (1) nonparty names, addresses, dates of birth, driver's license numbers, social security numbers, and other identifying information; (2) nonparty financial information; (3) statements by, and reports from interviews of, individuals who have been or are cooperating with the government's investigation; (4) any information that might disclose the identity of a cooperating individual; and (5) mental health information and information concerning the sexual history of persons other than the defendant.

2. All materials containing Sensitive Information (the "Materials"), including those previously produced to the defendant in this case, are subject to this protective order and may be used by defendant and defendant's counsel (defined as

counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order this Court.

3. The Materials shall be plainly marked as sensitive by the government prior to disclosure. No such Materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant.

4. Defendant, defendant's counsel, and other persons to whom the Court may authorize disclosure, shall not copy or reproduce the Materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents

of the Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Materials.

6. Before providing the Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case, and shall provide copies of the signed statement of each authorized person to the government upon request.

7. Upon conclusion of all stages of this case, all of the Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such Materials. In the event that the Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Materials are so maintained, and the Materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. To the extent any Material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the Material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such Material if in hard copy, and in the case of electronic Materials, shall certify in writing that all copies of the specified Material have been deleted from any location in which the Material was stored.

9. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Dated: July 21, 2017            John J. Tharp, Jr.

United States District Judge